**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **BENJAMIN LUCAS**, a resident of Prince George's County residing at<br>   3006 Geaton Dr.<br>   Upper Marlboro, MD 20774,<br><br>              Plaintiff,<br><br>        v.<br><br>**CARFAX, INC.**, a Pennsylvania corporation with principal place of business at<br>   5860 Trinity Parkway, Suite 600<br>   Centreville, VA 20120,<br><br>              Defendant. | **CASE NO: 8:25-cv-632**<br><br>**CLASS ACTION COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

## NATURE OF THE CASE

1.      Plaintiff Benjamin Lucas brings this class action, on behalf of himself and a proposed class of all other individuals similarly situated ("Class Members"), against Defendant Carfax, Inc. ("Defendant" or "Carfax") for violations of the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721, *et seq.* (the "DPPA"), and alleges as follows based upon his personal knowledge as to himself and his own acts, and upon information and belief, developed from the investigation and analysis by Plaintiff's counsel, including a review of publicly available information, public statements made by Carfax, news reports, and other matters of public record.

2.      Carfax is in the business of collecting and selling data from more than 139,000 sources, including the Department of Motor Vehicles ("DMV") for every U.S. state and the District of Columbia, as well as more than 5,000 police departments across the country. Carfax collects, markets, and sells not only vehicle history data, but also police reports relating to motor vehicle

1

accidents. Specifically, Carfax maintains, markets, and sells access to a national database of more than 1.5 million police reports that contain "personal information" derived from "motor vehicle records" (as such terms are defined under the DPPA), which reports are available to purchase from Carfax through various websites, including but not limited to www.crashdocs.org and www.CarfaxForClaims.com.

3. Carfax sells, discloses, or otherwise makes available the police accident reports containing information protected from disclosure under the DPPA (the "Crash Reports") to third parties, without the consent of the individuals whose protected information is contained in the Crash Reports (including Plaintiff), and without ascertaining (or making a reasonable effort to ascertain) whether the third-party purchasers are permitted to possess the protected information therein under the DPPA.

4. Carfax knowingly authorized, directed, ratified, approved, acquiesced, or participated in the conduct underlying this class action. Carfax obtained Plaintiff's and Class Members' motor vehicle records to use, process, store, disclose, and resell Plaintiff's and Class Members' personal information, to market and solicit, directly or indirectly, Plaintiff's and Class Members' personal information without their express consent and without ascertaining whether the purchasers were permitted under the DPPA to possess the personal information. Carfax did so for purposes not permitted under the DPPA, including its own commercial gain.

## PARTIES

5. Plaintiff is an individual residing in Upper Marlboro, Maryland. He has a driver's license issued by the Maryland Department of Transportation Motor Vehicle Administration (the "MVA"), which is a state DMV under the DPPA. Plaintiff also owns a motor vehicle that is registered with the MVA.

6. Defendant Carfax is a Pennsylvania corporation with its principal place of business in Centreville, Virginia. Carfax routinely conducts business in Maryland, markets its services (including access to and sale of Crash Reports) in Maryland, and has a registered agent for service of process in Maryland.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 2724(a).

8. Alternatively, the Court has subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $5,000,000.

9. The Court has personal jurisdiction over Defendant because Carfax: (i) actively markets its products and conducts substantial business in and throughout Maryland; (ii) is registered with the Maryland Department of Assessments and Taxation, which regulates foreign corporations operating in the state; and (iii) the wrongful acts alleged in the Complaint, including Defendant's knowing disclosure of Plaintiff's personal information, caused harm to Plaintiff in Maryland.

10. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts, omissions, and events giving rise to Plaintiff's claims occurred in this District.

**FACTUAL BACKGROUND**

**A. The DPPA and Its Duty of Reasonable Care**

11. At its core, the DPPA is a public safety statute designed to protect citizens from the danger and annoyance that may result from the unnecessary disclosure of their personal information.

12. Congress enacted the DPPA in 1993 in response to safety and privacy concerns stemming from the ready availability of personal information contained in state motor vehicle records. The DPPA was passed against the backdrop of the murder of actress Rebecca Schaeffer, whose murderer obtained her unlisted home address through the California DMV. Congressional testimony revealed additional concerns regarding the privacy interest of domestic violence victims and law enforcement officers, among other safety concerns relating to personal information contained in motor vehicle records.

13. To address these concerns, the default rule under the DPPA is non-disclosure. Sections 2721(a)(1) and 2722(a) generally prohibit the release and use of personal information from motor vehicle records, and Section 2721(b) enumerates fourteen specific exceptions to the general prohibition. Marketing, solicitation efforts, and commercial gain are not permissible purposes under the statute.

14. The DPPA defines "personal information" as "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(3).

15. The DPPA defines "motor vehicle record" as "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identity card issued by a department of motor vehicles." 18 U.S.C. § 2725(1).

16. The DPPA imposes a duty on resellers to exercise reasonable care in responding to requests for personal information derived from motor vehicle records. This duty requires resellers to make a reasonable inquiry as to whether the requested disclosure will be used by third-party purchasers only for an authorized purpose under the DPPA.

17. Carfax is a reseller under the DPPA and therefore owes the duty of reasonable care imposed by the DPPA.

18. As a company that regularly handles motor vehicle records as part of its business model, Carfax was aware that such records contain personal information, the improper disclosure of which would be injurious to the individuals whose personal information is contained therein.

19. As a company that regularly handles motor vehicle records containing personal information as part of its business model, Carfax was aware (or should have been aware) of the requirements of the DPPA, including the general prohibition against disclosure of personal information in the absence of the fourteen enumerated exceptions under Section 2721(b).

B. **Plaintiff's and Class Members' Crash Reports**

20. On December 4, 2023, Plaintiff was involved in a motor vehicle accident in Maryland.

21. After the accident and as part of the accident investigation, the investigating law enforcement officer utilized Plaintiff's driver's license and vehicle registration (which are "motor vehicle records" under the DPPA) to collect information including Plaintiff's driver identification number and residential address (which are "personal information" under the DPPA). The

investigating officer then transmitted the collected information to the MVA for the purpose of creating a Crash Report about the accident. After creation of the Crash Report, which contained Plaintiff's personal information, the MVA transmitted the Crash Report back to the investigating officer's law enforcement agency.

22. Carfax knowingly purchased the Crash Report about Plaintiff's accident from the investigating officer's law enforcement agency and, upon information and belief, sold the Crash Report and its contents to third parties within the last four years, without Plaintiff's consent and without ascertaining whether the third-party purchasers were permitted under the DPPA to possess the personal information therein.

23. Upon information and belief, Carfax has sold the Crash Report about Plaintiff's accident to purchasers that were not permitted under the DPPA to possess the personal information therein.

24. Upon information and belief, Carfax failed to make a reasonable inquiry as to whether the Crash Report about Plaintiff's accident would be used by third-party purchasers only for an authorized purpose under the DPPA. Based on such failure, Carfax breached its duty as a reseller under the DPPA to exercise reasonable care in responding to requests to purchase personal information derived from motor vehicle records.

25. Carfax has knowingly purchased Crash Reports of Class Members from the same and other law enforcement agencies, both in Maryland and across the country.

26. Upon information and belief, Carfax has sold Crash Reports of Class Members and their contents to third parties, without Class Members' consent and without ascertaining whether the third-party purchasers were permitted under the DPPA to possess the personal information therein.

27. Upon information and belief, Carfax has sold Crash Reports of Class Members to purchasers that were not permitted under the DPPA to possess the personal information therein.

28. Upon information and belief, Carfax failed to make a reasonable inquiry as to whether the Crash Reports of Class Members would be used by third-party purchasers only for an authorized purpose under the DPPA. Based on such failure, Carfax breached its duty as a reseller under the DPPA to exercise reasonable care in responding to requests to purchase personal information derived from motor vehicle records.

## CLASS ALLEGATIONS

29. Plaintiff brings this case individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks certification of the following class:

> NATIONWIDE CLASS: All persons in the United States who, within four (4) years prior to the date of this filed complaint, through the final disposition of this or any related actions (the "Class Period"), had their personal information (as defined by the DPPA, effective during the Class Period) contained in motor vehicle records of their state DMV obtained, used, disclosed, re-disclosed, and/or resold by Defendant, for purposes not permitted by the DPPA, or without establishing a permissible purpose required by the DPPA, without their express consent (the "Class").

30. Excluded from the Class are Defendant, its subsidiaries and affiliates, employees, officers, directors, and members of their immediate families, any entity in which Defendant has a controlling interest, the legal representatives, heirs, successors, or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

31. Plaintiff reserves the right to modify or amend the definition of the proposed Class, if necessary, before this Court determines whether certification is appropriate.

32. The requirements of Rule 23(a)(1) are satisfied. The Class described above is so numerous that joinder of all individual members in one action would be impracticable. Defendant

claims that its nationwide database contains more than 1.5 million police reports. The disposition of the individual claims of the respective Class Members through this class action will benefit both the parties and this Court.

33. The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to, the records identifying each person or entity that has received personal information from Carfax purportedly for a permitted purpose under the DPPA, which records Carfax is required to maintain for a period of five years pursuant to 18 U.S.C. § 2721(c).

34. The requirements of Rule 23(a)(2) are satisfied. There is a well-defined community of interest and there are common questions of fact and law affecting Class Members. The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

    a. Whether the Crash Reports themselves are "motor vehicle records" of members of the Class or the personal information within those reports are derived from "motor vehicle records" of members of the Class under the DPPA;

    b. Whether Carfax knowingly obtained, disclosed or used personal information from motor vehicle records of members of the Class for a purpose permitted under the DPPA;

    c. Whether Carfax breached its duty to exercise reasonable care as a reseller under the DPPA by disclosing personal information from motor vehicle records of members of the Class to third-party purchasers;

    d. Whether Carfax violated the DPPA by disclosing personal information from motor vehicle records of members of the Class;

e. Whether Plaintiff and Class Members are entitled to damages as a result of Defendant's wrongful conduct; and

f. Whether Plaintiff and Class Members are entitled to injunctive relief prohibiting Defendant from obtaining and disclosing personal information from motor vehicle records of the members of the Class for Defendant's own commercial purposes.

35. The requirements of Rule 23(a)(3) are satisfied. Plaintiff's claims are typical of the claims of Class Members. The claims of the Plaintiff and Class Members are based on the same legal theories and arise from the same factual allegation that their personal information was impermissibly disclosed by Defendant without a showing that the disclosure was made only for a purpose permitted under the DPPA.

36. The requirements of Rule 23(a)(4) are satisfied. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of Class Members and has no interests antagonistic to the Class Members. In addition, Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation. The claims of Plaintiff and Class Members are substantially identical as explained above. While the aggregate damages that may be awarded to the Class Members are likely to be substantial, the damages suffered by the individual Class Members are relatively small. As a result, the expense and burden of individual litigation make it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Certifying the case as a class will centralize these substantially identical claims in a single proceeding, which is the most manageable litigation method available to Plaintiff and the Class and will conserve the

resources of the parties and the court system, while protecting the rights of each member of the Class. Defendant's uniform conduct is generally applicable to the Class as a whole, making relief appropriate with respect to each Class member.

## COUNT I
### VIOLATION OF DRIVER'S PRIVACY PROTECTION ACT OF 1994, 18 U.S.C. §§ 2821, *et seq.*

37. Plaintiff restates and realleges paragraphs 1-36 as if fully set forth herein.

38. Pursuant to 18 U.S.C. § 2722(a), "[i]t shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title."

39. The DPPA provides a civil cause of action against "a person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted" under the statute. 18 U.S.C. § 2724(a).

40. "Person" is defined as "an individual, organization or entity." 18 U.S.C. § 2725(2). Carfax is a "person" under the DPPA.

41. Each record of personal information knowingly obtained from motor vehicle records is a separate and distinct violation of the DPPA, remediable under the DPPA.

42. Carfax obtains motor vehicle records as part of its business operations intended to sell data for profit.

43. Carfax has obtained motor vehicle records containing Plaintiff's and Class Members' personal information.

44. Carfax knowingly obtained and/or disclosed Plaintiff's and Class Members' personal information, which came from motor vehicle records, for its own commercial gain, in violation of the DPPA.

10

45. Carfax knowingly obtained and/or disclosed Plaintiff's and Class Members' personal information, which came from motor vehicle records, for a purpose not permitted under the DPPA, in violation of the DPPA.

46. Carfax's disclosure of Plaintiff's and Class Members' personal information was not a permitted use under 18 U.S.C. § 2721(b).

47. Carfax's disclosure of Plaintiff's and Class Members' personal information to unauthorized individuals violated 18 U.S.C. §§ 2722(a) and/or 2721(a)(1).

48. Upon information and belief, Carfax continues to regularly and knowingly obtain and disclose personal information from motor vehicle records for its own commercial gain, in violation of the DPPA.

49. Because Carfax continues to regularly and knowingly obtain and disclose personal information from motor vehicle records for its own commercial gain, violations of the DPPA are likely to continue.

50. Pursuant to 18 U.S.C. § 2724(b)(1)-(4), Plaintiff seeks, on behalf of himself and the Class (1) actual damages, not less than liquidated (statutory) damages in the amount of $2,500 per Class Member; (2) punitive damages; (3) reasonable attorneys' fees and costs; (4) a permanent injunction prohibiting Defendant from obtaining and disclosing personal information from motor vehicle records for its own commercial purposes; and (5) such other relief as the Court determines to be appropriate.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for relief as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

b. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

c. For actual damages, not less than liquidated (statutory) damages under the DPPA in an amount not less than $2,500 per occurrence;

d. For injunctive relief as described herein;

e. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses;

f. Awarding pre- and post-judgment interest on any amounts awarded; and

g. Awarding such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: February 25, 2025

                      Respectfully submitted,

                      HILGERS GRABEN PLLC

                      */s/ Michael Burns*
                      Michael Burns (Bar No. 20687)
                      601 Pennsylvania Ave. NW
                      South Building Suite 900
                      Washington, D.C. 20004
                      Tel: 202-985-1664
                      Fax: 402-413-1880
                      mburns@hilgersgraben.com

                      Edward H. Zebersky (*pro hac vice* forthcoming)
                      Zebersky Payne LLP
                      110 Southeast 6th Street, Suite 2900
                      Fort Lauderdale, FL 33301
                      954-595-6059
                      ezebersky@zpllp.com

                      *Counsel for Plaintiff*